IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY A. COLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 98-cv-156-WDS |
| | ) CRIMINAL NO. 91-CR-30018-WDS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is petitioner's *pro se* motion seeking relief from final judgment pursuant to Fed. Rule Civ. P. 60(b)(4) and a show cause order, or alternatively, transfer of his case to the Court of Appeals (Doc. 30). The Court construes petitioner's request to "transfer" the case to the Court of Appeals as a request for a Certificate of Appealability.

Also before the Court is petitioner's motion to correct clerical error or mistake arising from oversight or omission (Doc. 580), which he filed in his criminal case (91-CR-30018-WDS). The government has filed nothing in response.

**BACKGROUND**

Petitioner filed his initial motion pursuant to 28 U.S.C. § 2255 on February 25, 1998 in this civil action (Doc. 1). Petitioner's initial motion was denied and the case was dismissed with prejudice as time barred on June 10, 1998 (Doc. 4). On June 22, 1998, petitioner filed a motion to reconsider the dismissal, which this Court granted (Doc. 6). The Court later granted in part and denied in part the motion to vacate, set aside, or correct sentence as follows: the Court granted the motion as to Count 2 only, and the conviction and sentence on Count 2 was vacated and set aside,

and a $50.00 special assessment was refunded to petitioner; petitioner's sentence of life without parole on Counts 1 and 12 were unaffected, and the motion was denied on all other grounds and dismissed with prejudice (Doc. 9). Judgment was entered on this ruling on September 18, 1998 (Doc. 10).

Petitioner appealed this decision, but the Seventh Circuit dismissed the appeal on July 7, 1999 (*Collins v. United States*, No. 99-2226, 99-2227). While his appeal was pending, petitioner filed a motion for reconsideration with this Court (Doc. 12), which the Court denied on May 12, 1999 (Doc. 17). Petitioner then appealed that decision, and the Seventh Circuit denied his request for a certificate of appealability on July 14, 2000 (*Collins v. United States*, No. 99-2226, 99-2227).

Petitioner's present motion was filed February 11, 2010, seeking relief from final judgment and the reopening of his § 2255 petition. Petitioner asserts that he is entitled to relief because all of the claims alleged in his § 2255 and Rule 33 motions were not addressed.

## ANALYSIS

**I.     Successive Petition Pursuant to § 2255**

Generally, district courts lack jurisdiction to hear second habeas petitions under § 2255. *Curry v. United States*, 507 F.3d 603, 605  (7th Cir. 2007); *Burton v. Stewart*, 549 U.S. 147, 157, 127 S.Ct. 793, 799 (2007). The issue here is whether the instant motion is a "second or successive motion" within the meaning of § 2255 requiring authorization from the Court of Appeals for this Court to have jurisdiction.

Although § 2255 gives jurisdiction over first habeas petitions to the district courts, it states, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...." Petitioner now contends that his recent motion is not a second

2

motion within the meaning of § 2255 because the Court failed to consider or resolve an issue squarely presented and thus the defect does not lie in the Court's resolution of the merits but is a "true" 60(b) claim. In his present motion petitioner, however, cites arguments he made in his previous petition and then cites the Court's Order in which the Court, in fact, addresses those arguments.

Petitioner also relies heavily on *Gonzalez v. Crosby*, 545 U.S. 524 (2005) in support of his argument that he is attacking the integrity of the habeas proceeding and not the previous decision or raising new issues. In *Gonzalez*, the Supreme Court considered the effect of the Antiterrorism and Effective Death Penalty Act of 19996 ("AEDPA"), codified at 28 U.S.C. § 2244(b), on Rule 60(b) motions in habeas cases. *Id*. at 526. The Supreme Court stated that "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Id*. at 529.

Moreover, second or successive habeas petitions are subject to three requirements: (1) any claim that has already been adjudicated in a previous petition must be dismissed; (2) any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and (3) before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. *Id*. at 529-30.

Notably, the *Gonzalez* case is based on Rule 60(b) in habeas proceedings under § 2254, and not § 2255, under which the petitioner here applied for relief. *Id*. at 530. Bearing that in mind, the

Supreme Court concluded that "[v]irtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly" and that those holdings are correct. *Id*. at 531. The Court opined that any type of attack on the merits of the proceeding are second or successive petitions, while motions regarding non-merits aspects should not be treated as second or successive. *Id*. at 534. Where there is no substantive claim presented but instead, the petitioner presents an issue regarding a ruling that precluded a merits determination (such as dismissal on statute of limitations grounds), then the petition is not considered second or successive. *Id*. at 532. The Supreme Court held that a motion that challenges only the district court's failure to reach the merits can be ruled upon by the district court without precertification. *Id*. at 538.

While petitioner here asserts that his claim is not merits-based, the Court **FINDS** that it is in fact merits based. Petitioner argues that the Court failed to consider the knowing use of perjured testimony, but then cites the Court's Order where it specifically addresses the issue.[1] The Court

---

[1] Petitioner's motion (Doc. 30) includes the following citation from the Court's Order dated September 18, 1998:

> Petitioner alleges several Brady violations regarding the testimony of Andrew Chambers. Specifically Petitioner alleges the government either knew or should have known that Chambers perjured himself at trial. Petitioner alleges Chambers lied about his dealing with Petitioner, his criminal history, his compensation for testifying against Petitioner, and his educational background. See *United States v Duke*, 50 F.3d 571, 576-80 (8th Cir.) [sic] Cert. denied, 516 U.S. 865 (1995) (chronicling Chambers history of perjury and false testimony in an unrelated case). Petitioner also alleges that the government failed to disclose Chambers was barred from testifying or working as an informant in California because he lied to authorities on several occasions.
> To be successful on his Brady claim, Petitioner must show the evidence was favorable, suppressed, and material to this case. *Veras*, 51 F.3d at 1374, citing *United States v. Dimas*, [sic] F.3d 1015, 1017 (7th Cir. 1993). Petitioner, however, fails to demonstrate that the alleged false evidence was material and would have changed the outcome of the trial. The government presented extensive evidence proving Petitioner's involvement and leadership in the conspiracy including audio and video surveillance and the testimony of DEA agents, expert witnesses, drug purchasers, and co-conspirators. *Williams v. United States*, 81 F.3d 1434, 1438-41 (7th Cir. 1996), Cert. denied, 513 U.S. 940 (1994). Chambers testified that he also planned to sell fifteen kilograms of cocaine to Collins and Collins backed out of the deal solely because he thought they were being surveilled [sic] by the government.

made a ruling on petitioner's claim, petitioner had the opportunity to appeal and did in fact appeal the decision, and thus this issue would constitute a successive issue, and not a non-merits based issue.

Petitioner's second assertion relates to the Court's ruling on petitioner's Rule 33 motion, which petitioner claims is void because the Court failed to consider the knowing use of perjured testimony. Petitioner attempts to frame this issue as a non-merits based issue because he claims the Court never even considered this issue. Petitioner again, however, repeats the argument he asserted in his motion for new trial and then cites the Court's Order addressing the issue.[2] Thus, the Court did in fact make a merits determination on this issue, and any request for consideration of the issue now is successive, and not allowed without leave from the Court of Appeals.

Both of petitioner's arguments are merits based attacks on the Court's previous decisions. The Court, therefore, **FINDS** that petitioner's motion for reconsideration is a successive motion within the meaning of § 2255 and that the Court has no jurisdiction to consider its merits and the motion for relief (Doc. 30) is **DISMISSED**.

---

[2]Petitioner's motion (Doc. 30) includes the following citation from the Court's Order dated August 6, 2001:
Defendant's Rule 33 Motion For New Trial and Motions For Discovery seek to have the Court review his conviction based on challenges to the credibility of witnesses at trial. The Court has, however, previously addressed Defendant's challenges to the credibility of most of these same witnesses in its ruling on Defendant's habeas petition. In particular, Defendant asserted in his habeas petition that there were several *Brady* violations regarding the testimony of Andrew Chambers, a government witness, and whether he had perjured himself at trial. The Court found that the Defendant failed to establish that the false evidence was material and would have changed the outcome of the trial. As this Court noted, "the government presented evidence proving Collins' involvement and leadership in the conspiracy including audio and video surveillance and the testimony of DEA agents, expert witnesses, drug purchasers, and coconspirators" Memorandum & Order of September 18, 1998, pp. 5-6. The Court specifically found that Collins [sic] trial counsel had impeached Chambers' credibility and that there was no reasonable likelihood that Chambers' false testimony or undisclosed background, or both, would have affected the jury's decision. *Id*. at 6. The Court further found that the Defendant had not established ineffective assistance of counsel based on his claim that counsel had failed to investigate Chamber's [sic] background. *Id*. at 6-7.

II.  **Motion to Correct Clerical Error or Mistake filed in Petitioner's Criminal Case No. 91-CR-30018**

Petitioner also filed a motion in his criminal case asking the Court to "vacate the conviction and sentence for count 12 because the minor (Andrea Ward) was presented before the Grand Jury as an adult co-conspirator in count 2 as a willing participant in the conspiracy." Although petitioner titles his motion as one to correct a clerical error, he is, in fact, challenging his conviction and asking for a sentence reduction. As discussed *infra*, this motion is a successive petition, and therefore petitioner may not make such a request nor does this Court have jurisdiction until petitioner applies for, and obtains permission from, the Court of Appeals.

Accordingly, petitioner's motion to correct clerical error or mistake arising from oversight and/or omission (Doc. 580) filed in his criminal case (3:91-30018-WDS) is **DISMISSED** for lack of jurisdiction. 28 U.S.C. § 2244.

III.  **Relief Pursuant to Federal Rule of Civil Procedure 60(b)**

Even if petitioner's motions were not successive, petitioner is not entitled to relief pursuant to Fed. R. Civ. P. 60(b). Petitioner's attempt to categorize his most recent motion as a motion for reconsideration, and not a second or successive petition pursuant to § 2255, is fruitless, as relief is not available to him under Fed. R. Civ. P. 60(b)(4). Under Rule 60(b), a court may grant relief only under the particular circumstances enumerated in the Rule, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. "Rule 60(b) is ... an extraordinary remedy," which does not allow for "general pleas of relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992) (internal citation omitted). Nor is Rule 60(b) the "proper avenue to redress mistakes of law committed by the

trial judge." *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir.1989). Legal error is not one of the specified grounds for a Rule 60(b) motion; in fact, it is "a forbidden ground." *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002).

Fatal to petitioner's motion is section (c) of Rule 60 regarding timing: "a motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Even if the Court considered the date of the latest decision, July 14, 2000, as the date to begin time calculations, petitioner's Rule 60(b) motion should have been filed by July 14, 2001. Petitioner, however, purports to rely on sub-section (4) of Rule 60(b), which requires such motion to be filed within a "reasonable" time. Certainly, nine (9) years after the final decision cannot be considered "reasonable" time as required by the rule. Additionally, petitioner's pleading does not fit the categorization of Rule 60(b)(4), as the Court's previous decisions are in no way "void."

### III.     Request for Certificate of Appealability

Pursuant to 28 U.S.C. § 2253 the petitioner may not proceed on appeal without a certificate of appealability. Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, §2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." Here, petitioner has not set forth any grounds for issuance of a certificate of appealability. The Court **FINDS** that the record does not support such a finding, and therefore, the Court declines to issue a certificate of appealability in this case.

## **CONCLUSION**

Accordingly, petitioner's motion seeking relief from final judgment and reopening of his case is **DISMISSED** (Doc. 30).  Petitioner's motion seeking relief, filed in his criminal case, is also **DISMISSED** for lack of jurisdiction (Doc. 580, 91-CR-30018).  Furthermore, the Court **DENIES** petitioner's request for a Certificate of Appealability.

**IT IS SO ORDERED**

**DATE: November 22, 2010**

                                          **/s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**