IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY A. COLLINS,

        Petitioner,

vs.                                            Case No. 91-CV-30018-DRH

UNITED STATES OF AMERICA

        Respondent.

### MEMORANDUM AND ORDER

**HERNDON, District Judge**:

Before the Court is defendant's pro se motion to reduce sentence (Doc. 612). In the motion, the defendant asserts that he is entitled to a reduction in sentence under 18 U.S.C. § 3582(c)(1)(B) because the judgment as to Count 2 of the indictment was previously vacated by the Court. He also cites to Amended 505 as a basis for reduction and raises various grounds related to the sentencing enhancements applicable to his case.[1]

Upon review of this motion, and despite the defendant's label on the motion, he is collaterally attacking his sentence. That type of claim must be filed as a habeas petition under § 2255. Unfortunately for the defendant's claim here, he has previously filed a petition for review pursuant to § 2255, *Collins v. United States*, 98-CV-156-WDS, which was granted in part and denied in part (*Collins v.*

---

[1] Also before the Court are defendant's motions to reduce sentence pursuant to Amendment 782 ("Drugs Minus Two") (Docs. 607 and 609). Currently, both motions have been referred to the Federal Public Defender's Office pursuant to Administrative Rule 167 pending resolution.

*United States*, 98-CV-156-WDS at Doc. 9). The defendant appealed that case, which was later dismissed (*Collins v. United States*, 98-CV-156-WDS at Doc. 24).

Because Collins previously filed a § 2255 petition, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [§ 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); see also 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton v. United States*, 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

The defendant has not sought, nor received, leave to file a successive petition under § 2255 for the claims he raises in his motion for reduction. Because he has previously filed a habeas action in this matter and has not received leave from the Court of Appeals to file a second or successive petition on

any matters previously raised, this Court is without jurisdiction to consider the claims he now raises.

Accordingly, the Court **DISMISSES** the motion for reduction of sentence (Doc. 612) for lack of jurisdiction as a successive habeas petition.

**IT IS SO ORDERED.**

Signed this 15th day of November, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.11.15
16:35:11 -06'00'

**United States District Judge**